IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WANDA I. ANDALUZ-PRADO**                                                           **PLAINTIFF**
**ADC #715264**

v.                        No: 3:25-cv-00147-LPR-PSH

**ADC,** *et al.*                                                                     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Wanda I. Andaluz-Prado filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 29, 2025, while incarcerated at the McPherson Unit of the Arkansas Division of Correction (ADC) (Doc. No. 2). The Court granted Andaluz-Prado *in forma pauperis* status and gave her the opportunity to file an amended complaint (Doc. No. 4). She has now filed an amended complaint (Doc. No. 7). For

the reasons described below, the Court finds that she does not describe facts sufficient to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful,

fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Andaluz-Prado alleges that a cart of bread fell on top of her, breaking her leg in two places, while she was working in the kitchen at the McPherson Unit on December 9, 2024. Doc. No. 7 at 4.

Andaluz-Prado names one defendant, the ADC. Doc. No. 7 at 1. The ADC is not an entity subject to suit under § 1983. *Brown v. Missouri Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (suits against the States and their agencies are barred by the Eleventh Amendment regardless of the relief sought). She therefore fails to state a viable claim.

Andaluz-Prado also fails to allege that any individual's intentional conduct caused her injuries. Intentional conduct, rather than negligence, is required to sustain a § 1983 claim. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *see also Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ( . . . "'deliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk.") (quoting

*Newman v. Holmes,* 122 F.3d 650, 653 (8th Cir. 1997)). Andaluz-Prado describes no facts to support a claim that any individual was deliberately indifferent to a substantial risk of harm to her or deliberately indifferent to her serious medical needs.[1] Accordingly, this case should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

It is therefore recommended that:

1. Andaluz-Prado's claims be dismissed without prejudice.

2. It be recommended that dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 16th day of September, 2025.

UNITED STATES MAGISTRATE JUDGE

---

[1] To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) she had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). *See also Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (holding that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.").